IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| NICOLE MATHERLY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:15-cv-00058 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TELVISTA, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Before the Court is Defendant Telvista's Motion to Dismiss [ECF No. 8]. Despite failings that typically would have been fatal to both parties' positions, I heard oral argument on the Motion on March 1, 2016, and submitted the matter for decision. For the reasons stated herein, Defendant's Motion will be granted, and I will permit Plaintiff to amend her Complaint if she wishes.

I. **STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**[1]

Plaintiff Nicole Matherly ("Plaintiff") was formerly employed by Defendant Telvista. According to her Complaint, she was terminated on August 15, 2015. Plaintiff claims that her supervisor, Tiffany Gerhard, fired her "for being with [Gerhard's] boyfriend (sexual)," Keith Chaney. Plaintiff asserts that Chaney "wouldn't leave [her] alone and [she] kept complaining about him." Chaney "harassed [her] for over a year. [Plaintiff] kept going to Human Resources and nothing was done." Before her termination, Plaintiff filed "severl [*sic*] complaints with HR but nothing was done." Although Plaintiff claims she was fired because Gerhard believed

---

[1] The facts are taken from Plaintiff's Complaint. As this stage, it is appropriate to accept Plaintiff's factual allegations as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

- 1 -

Plaintiff was having a sexual relationship with Chaney, Plaintiff asserts that she was never involved with him.

On October 29, 2015, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission.[2] In her charge, Plaintiff alleged discrimination based on Sex, Religion, and Retaliation. She received a Dismissal and Notice of Rights letter on December 8, 2015, and filed a *pro se* Complaint in this Court on December 14, 2015. Defendant filed a one-and-a-half page Motion to Dismiss on January 19, 2016. A Roseboro notice was sent to Plaintiff on January 20, advising her that, if she did not respond to Telvista's Motion, "the Court will assume that [she] has lost interest in the case, and/or that [she] agrees with what [Telvista] states in [its] responsive pleading(s)." [ECF No. 10.] That same day, I entered a standard Pretrial Order which stated, in relevant part: "All motions must be accompanied by a supporting brief. In the event that a motion has been filed prior to the entry of this Order and it was not supported by a brief, movant must file a brief within 14 days of the date of this order." (Pretrial Order ¶ 4, Jan. 20, 2016 [ECF No. 13].) Despite a court order requiring a brief in support of its Motion, Telvista failed to file a supporting brief. Despite being instructed to respond to Telvista's Motion, Plaintiff failed to file any pleading in opposition.[3] Despite these failures by both parties—either of which would warrant refusing to hear the parties' positions on

---

[2] In her Complaint, Plaintiff asserts that she filed her charge on October 29, 2015, but the copy attached to her Complaint is dated December 14, 2015, the date she filed the present action.

[3] At oral argument, Telvista's counsel asserted that he believed the one-and-a-half page motion was sufficient to comply with the Pretrial Order, but he was wrong. Plaintiff stated that she believed her response was due fourteen days from the date of the hearing, not the date of the Roseboro notice; she was wrong. It has been more than fourteen days from the hearing, and Plaintiff has not submitted a response of any kind.
  Telvista's excuse is wholly insufficient; Plaintiff's excuse is at least understandable considering: (1) she is a lay person representing herself, and (2) the Pretrial Order sets a deadline of fourteen days from the date she received Telvista's brief in support of its motion—a brief that was never served. Going forward, all parties are admonished that the rules and order of this Court will be enforced, and the Court's indulgence will not be forthcoming when its express orders are ignored.

the present motion—I permitted the parties to argue their positions. The matter is now ripe for decision.

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In determining facial plausibility, the court must accept all factual allegations in the Complaint as true. Id. The Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (internal quotation marks omitted). Therefore, the Complaint must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

## III. DISCUSSION

As an initial matter, because Plaintiff is proceeding *pro se*, her Complaint, "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "Courts must allow a *pro se* complaint to go forward where the complaint is broad and contains a 'potentially cognizable claim' that the plaintiff can later particularize," Peck v.

- 3 -

Case 4:15-cv-00058-JLK-RSB   Document 24   Filed 03/28/16   Page 3 of 7   Pageid#: 85

Merletti, 64 F. Supp. 2d 599, 602 (E.D. Va. 1999).  Here, Plaintiff has failed to allege a claim with the specificity necessary to go forward, but I will allow her the opportunity to enhance her allegations to meet the applicable pleadings standard.

Giving Plaintiff's Complaint the liberal reading to which it is entitled, it appears she is attempting three claims: sex-based discrimination (specifically, sexual harassment), religious discrimination, and retaliation.  Each of these claims fails for different reasons.

The easiest to address is Plaintiff's claim of religious discrimination.  To state a claim for religious discrimination under Title VII, Plaintiff may offer direct evidence that her employer discriminated against her because of her religion, see Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004), or she may establish a prima facie case of discrimination by alleging that (1) she is a member of a protected class, (2) that she was meeting Telvista's reasonable employment expectations, and (3) that she was treated differently from similarly situated employees outside her protected class, see Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd sub nom. Coleman v. Ct. of Appeals of Md., 132 S. Ct. 1327 (2012).

In Plaintiff's Complaint, there are no allegations sufficient to plead a claim of religious discrimination.  Plaintiff has not alleged anything regarding her religious affiliation and, in fact, expressly disavows that she is a Muslim.  Without further factual support, this claim is untenable and must be dismissed.

Plaintiff also attempts to assert a claim of sexual harassment.  "Sexual harassment claims fall into two general types:" quid pro quo discrimination and hostile work environment.  Craft v. Lear Corp., No. 1:04cv00084, 2005 WL 1677903, at *1 (W.D. Va. July 19, 2005).

"Quid pro quo sexual harassment refers to a situation where a supervisor explicitly makes submission to his or her unwelcome sexual advances a condition of employment, and also

- 4 -

encompasses situations where submission to unwelcome sexual advances is not explicitly made a condition of employment, but the rejection of such advances is nevertheless the motivation underlying an employer's decision to take an adverse employment action against an employee." Briggs v. Waters, 484 F. Supp. 2d 466, 476 (E.D. Va. 2007). Nothing in Plaintiff's Complaint suggests that she was subjected to a supervisor's unwelcome sexual advances or that she was deprived an employment benefit because she rejected a supervisor's sexual advances. Thus, she has not asserted a "quid pro quo" claim of sexual harassment.

In order to state a claim for a hostile work environment, Plaintiff must allege: "'(1) unwelcome conduct; (2) that is based on the plaintiff's sex; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer.'" Anderson v. G.D.C., Inc., 281 F.3d 452, 458 (4th Cir. 2002) (quoting Conner v. Schrader-Bridgeport Int'l, Inc., 227 F.3d 179, 192 (4th Cir. 2000)). To establish the third element, Plaintiff must show—with specific factual allegations—that her "work environment was 'so polluted with sexual harassment that it altered the terms and conditions of her employment.'" Craft, 2005 WL 1677903, at *1 (quoting Anderson, 281 F.3d at 458–59). "The court must assess whether the work environment was objectively hostile, considering all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id. (internal quotations and citation omitted).

Here, Plaintiff has failed to allege facts sufficient to permit the Court to make an objective determination of the work environment. While Plaintiff has alleged that Chaney harassed her for over a year, she has not offered any specifics about the harassment, such as its

content, frequency, or effect on her work life. Without factual support, Plaintiff has failed to state a claim. If she chooses to amend her Complaint, she must include sufficient details regarding the alleged harassment and work environment to show the harassment was sufficiently "severe or pervasive" to alter her working conditions. Anything less will require dismissal of her claims.

Plaintiff's final claim is retaliation. In order to state a claim for retaliation under Title VII of the Civil Rights Act, Plaintiff must plead that: (1) she engaged in a protected activity; (2) her employer took adverse action against her; and (3) that a causal relationship existed between the protected activity and the adverse employment activity. See Foster v. Univ. of Md.-E. Shore, 787 F.3d 243, 250 (4th Cir. 2015) (citing Price, 380 F.3d at 212). "In the context of element one of a retaliation claim, an employee is protected when she opposes 'not only . . . employment actions actually unlawful under Title VII but also employment actions [she] reasonably believes to be unlawful.'" Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 282 (4th Cir, 2015) (quoting EEOC v. Navy Fed. Credit Union, 424 F.3d 397, 406 (4th Cir. 2005)). "An objectively reasonable 'good-faith' belief that the activity [complained of] is protected is sufficient to satisfy the prima facie requirement for retaliation claims." U.S. ex. rel. Wilson v. Graham Cty. Soil & Water Conservation Dist., 367 F.3d 245, 255 (4th Cir. 2004), vacated on other grounds, 545 U.S. 409 (2005).

For the reasons stated above regarding Plaintiff's allegation of a hostile work environment, Plaintiff's Complaint lacks sufficient factual detail for the Court to determine whether Plaintiff believed her complaint to Human Resources[4] concerned actually-unlawful conduct, or conduct she reasonably believed to be unlawful. If Plaintiff chooses to file an

---

[4] Contrary to Defendant's argument (Def.'s Mot. to Dismiss pgs. 1–2, Jan. 19, 2016 [ECF No. 8]), Plaintiff plainly alleges that she complained to Human Resources (see Compl. ¶ 9.B, 9.E [ECF No. 2]).

amended complaint that includes greater detail regarding her allegations against Chaney, the Court will be able to determine whether Plaintiff has alleged a claim of retaliation.[5] Her present Complaint lacks sufficient detail for the Court to pass judgment on the first element of her retaliation claim, and therefore it must be dismissed.

## IV. CONCLUSION

Plaintiff's Complaint lacks sufficient detail to state a claim for discrimination on the basis of sex or religion, and it lacks sufficient detail for the Court to pass judgment on one element of her retaliation claim. Because her claims can be saved with enhanced factual support, I will grant Plaintiff fourteen (14) days to submit an amended complaint, if she so chooses.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all parties and counsel of record.

Entered this 28th day of March, 2016.

s/Jackson L. Kiser<br>
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] I note, for the parties' benefit, that Plaintiff has adequately alleged the second and third prongs of the prima facie claim of retaliation. She alleges she was fired and that she was fired because she complained about Keith Chaney. (See Compl. ¶ 9.B ("[S]he fired me [because] . . . I kept complaining about [Chaney].").) Those allegations would be sufficient to flesh out Plaintiff's complete retaliation claim, provided sufficient factual detail is submitted in an amended complaint.